IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY W. COOK, | ) | CASE NO. 3:17 CV 932 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Jeremy W. Cook, for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated May 2, 2017.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 4 .

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

**A.    Background facts and decision of the Administrative Law Judge ("ALJ")**

Cook who was 38 years old at the time of the administrative hearing,[11] did not graduate high school.[12] He is married and has two minor children who do not live with him.[13] His past relevant employment history includes work as an assembler and cleaner.[14]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Cook had severe impairments consisting of degenerative disc disease of the cervical and lumbar spine, status post cervical and lumbar spine surgeries; obesity; and mental disorders variously diagnosed to include depressive disorder not otherwise specified, generalized anxiety disorder with panic attacks, and borderline

---

[6] ECF # 11.

[7] ECF # 13 (Commissioner's brief); ECF # 12 at 4 (Cook's brief).

[8] ECF # 13-1 (Commissioner's charts); ECF # 12 at 9 (Cook's charts).

[9] ECF # 12 at 2-3 (Cook's fact sheet).

[10] ECF # 16.

[11] ECF # 12 at 2.

[12] *Id.*

[13] ECF # 10, Transcript ("Tr.") at 98.

[14] *Id.* at 84.

intellectual functioning (20 CFR 404.1520(c) and 416.920(c))._[15]_ The ALJ made the following finding regarding Cook's residual functional capacity:

> After careful consideration of the record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: the work should be performed in either a sitting or standing position, or a combination thereof. He can perform occasional foot controls with bilateral lower extremities; occasional stairs and ramps; no ladders, ropes, or scaffolds; occasional stooping, crouching, and crawling; frequent kneeling; and no exposure to hazards such as unprotected heights or moving machinery. He can perform unskilled work of an SVP of 1 or 2 in a static work environment with infrequent changes and work where the pace and productivity is not dictated by an external source which the individual has no control, such as an assembly line or a conveyor belt. He can stay on task for at least 95 percent of the workday. He should have no contact with the public and no tandem work with coworkers. Additionally, handling and fingering is limited to frequently bilaterally.[16]

The ALJ decided that this residual functional capacity precluded Cook from performing his past relevant work.[17]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Cook could perform.[18] The ALJ, therefore, found Cook not under a disability.[19]

---

[15] *Id*. at 76.

[16] *Id.* at 78-79.

[17] *Id.* at 84.

[18] *Id*. at 85.

[19] *Id*. at 86.

**B.     Issues on judicial review**

Cook asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Cook presents the following issues for judicial review:

- At Step 5 the ALJ found that the plaintiff's continuing use of cigarettes weighed against his credibility regarding not being able to afford treatment. However, there is no evidence that the plaintiff spent money purchasing cigarettes.[20]

- At Step 5 the ALJ found that the plaintiff's continuing use of marijuana for pain relief after losing his insurance weighed against his credibility based upon the cost of marijuana. However, there is no evidence that the marijuana used by plaintiff cost more that the narcotic pain-killers he had been using where he had to purchase the narcotics at full retail price due to lack of insurance.[21]

- At Step 5 the ALJ found that the plaintiff had injured himself lifting weights thus suggesting that plaintiff was capable of lifting more than 5 pounds–the amount he testified was the maximum that he could lift. During the course of the hearing the ALJ asked no questions pertinent to that finding and after the hearing the plaintiff submitted an affidavit explaining that a friend accidentally dropped a weight on his hand.[22]

The Court recommends that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[20] ECF # 12 at 5.

[21] *Id*. at 6.

[22] *Id*.

## Analysis

**A.     Applicable legal principles**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[23]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[24] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[25]

---

[23] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[24] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[25] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## *2.    Credibility*

As the Social Security Administration has recognized in a policy interpretation ruling on assessing claimant credibility,[26] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the severity of his or her symptoms or limitations will be considered with other relevant evidence in deciding disability:

> Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.[27]

The regulations also make the same point.

> We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work ... solely because the available objective medical evidence does not substantiate your statements.[28]

---

[26] Social Security Ruling (SSR) 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483 (July 2, 1996).

[27] *Id.* at 34484.

[28] 20 C.F.R. § 416.929(c)(2).

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[29]

As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[30] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his claim.

The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[31]

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents credible

---

[29] *Swain*, 297 F. Supp. 2d at 988-89.

[30] 20 C.F.R. § 404.1529(c)(3).

[31] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess his subjective complaints.[32] A court may not disturb the ALJ's credibility determination absent compelling reason.[33]

## B.  Recommendation

Cook essentially challenges the ALJ's finding that he is less than credible. In particular, he argues that:

(1) there is no evidence supporting the ALJ's finding that expenses related to smoking cigarettes undercut Cook's claim that he could not afford medical treatment;[34]

(2) there is no evidence supporting the ALJ's finding that Cook's use of marijuana for pain relief after losing his insurance rather than continuing his prescription for Vicodin showed that Cook was less than credible in stating that this choice was made for financial reasons;[35] and

(3) although the ALJ, in part, based an element of the RFC - lifting more than 5 pounds - on a belief that Cook was lifting weights, that belief was unfounded, and actually contradicted by Cook's affidavit.[36]

As to the specific points raised by Cook, the Commissioner responds:

---

[32] *Buxton*, 246 F.3d at 773.

[33] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[34] ECF # 12 at 2.

[35] *Id*. at 3.

[36] *Id*.

    (1)    it is entirely reasonable, and consistent with case law, for an ALJ to consider a claimant's continuing use of cigarettes in assessing an alleged inability to afford care, regardless of whether, as Cook contends, he personally did not pay for the cigarettes;[37]

    (2)    because the burden of proof is on the claimant to establish disability, the ALJ is not required to independently determine that marijuana costs more than do prescription pain relievers, but may make a reasonable inference;[38] and

    (3)    even if the ALJ incorrectly inferred that Cook was lifting weights from the fact that he visited an emergency room after dropping a weight on his finger, the inference was not illogical or unreasonable.[39]

It is well-established that an ALJ's determination of credibility is entitled to great weight and deference, and any judicial review of that finding is limited to assessing if the ALJ's reasons for discounting the claimant's credibility are reasonable and supported by substantial evidence.[40] As the Sixth Circuit has observed, "[a]s long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess."[41]

Here, as to Cook's continuing use of cigarettes showing that he is less than fully credible in claiming that he cannot afford medical treatment, it is noted that the Commissioner makes a valid point when he observes that even if Cook's mother was solely

---

[37] ECF # 13 at 18-19 (citing *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999).

[38] *Id*. at 19.

[39] *Id*. at 19-20.

[40] *Jones v. Comm'r of Social Security*,

[41] *Ulman v. Comm'r of Social Security*, 693 F.3d 709, 713-14 (6th Cir. 2012).

financing his use of cigarettes, "one could reasonably infer that were [Cook] to stop smoking, the financial resources used to support smoking would be available to use on alternative expenses."[42] In that regard, the ALJ also noted that financial resources used for cigarettes[43] and marijuana "could have been used for continued treatment."[44]

I recommend finding that the ALJ's credibility finding in this area is supported by evidence in the record and is reasonable.

As to the specific finding regarding marijuana, I note first that although Cook now contends that his marijuana use was begun to replace a prescription for pain relief he could no longer afford,[45] it is common knowledge that marijuana is also used recreationally, and the ALJ specifically noted that Cook told Dr. Karen Robie, Ph.D., in August 2014 that he was "using marijuana regularly in small amounts."[46]

As before with cigarettes, I suggest finding that the ALJ's decision to discount Cook's credibility based on his claim that he used marijuana instead of continuing treatment with a prescribed medication was based on evidence in the record, cited above, suggesting that the marijuana use might have been for personal reasons independent of his medical needs and

---

[42] ECF # 13 at 19.

[43] I observe that the ALJ cited case authority which upheld taking judicial notice of the monetary cost of smoking cigarettes. Tr. at 34 (citing *Sias v. Sec'y of Health and Human Services*, 861 F.2d 475, 480 (6th Cir. 1988).

[44] Tr. at 81.

[45] See, *id.* at 80.

[46] *Id.* at 83.

the inference form that evidence was reasonable. Further, as also with Cook's use of cigarettes, even if the marijuana use here was solely for pain relief, it is reasonable to infer that whatever was spent on marijuana as a pain reliever could also have been spent on legal prescription means of pain relief, thus undermining Cook's credibility in claiming that he lacked resources to afford treatment.[47]

Further, I recommend finding that any inference drawn by the ALJ that Cook was lifting weights when he reported to an emergency room that his finger was injured when a weight dropped on it, was reasonable. But even if Cook's affidavit is wholly credible, and it is now determined that he was injured when weights lifted by another were dropped on Cook, I recommend finding that any such error does not affect the ALJ's conclusion that Cook was not fully credible in claiming that he was unable to afford medical treatment. As the Commissioner notes, the emergency room visit itself is evidence that Cook was able to access medical care, and the follow-up records after that visit show that Cook was at full strength with no muscular atrophy, which is not fully consistent with Cook's claim that he is unable to lift five pounds.[48]

Finally in addition to the evidence at issue as discussed above, the ALJ relies upon the weight of the objective medical evidence in making the credibility finding. As I observed in *Cross v. Comm'r of Soc. Sec.*,[49] as a practical matter in the assessment of credibility the

---

[47] See, *id*. at 82.

[48] ECF # 13 at 20 (citing transcript).

[49] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2nd 724 (N.D. of Ohio 2005).

weight of the objective medical evidence deserves important consideration. "Where the objective medical evidence does not support a finding of credibility at least an informal presumption of "no disability" arises that must be overcome by other evidence..."[50]

## Conclusion

For the reasons stated above, I recommend finding that the decision of the Commissioner denying benefits to Jeremy W. Cook is supported by substantial evidence, and so further recommend that this decision here be affirmed.

Dated: April 27, 2018                                    s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[51]

---

[50] *Id*. at 732. The weight given by the ALJ to certain medical sources which support the no disability finding and which Cook does not challenge here, support the credibility finding.

[51] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).