UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy W. Cook,	Case No. 3:17-cv-932

          Plaintiff

    v.	MEMORANDUM OPINION

Commissioner of Social Security,

          Defendant

Before me is the Report and Recommendation (R & R) of Magistrate Judge William H. Baughman, Jr., recommending I affirm the Commissioner's final decision denying Plaintiff Jeremy Cook's applications for benefits. (Doc. No. 17). Cook filed objections to Judge Baughman's recommendation. (Doc. No. 18). The Commissioner filed a response to Cook's objections. (Doc. No. 19).

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A general objection that does not "address specific concerns with the magistrate's report" will not suffice. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). Allowing such general objections would frustrate the purpose of Magistrates Act and "be an inefficient use of judicial resources." *Howard*, 932 F.3d at 509.

In this case, Cook does not contend Judge Baughman erred in his conclusions of law.[1] Instead, he merely restates the three same three challenges to inferences and credibility determination made by the ALJ that he argued in his brief on the merits. (Doc. No. 12; Doc. No. 18). Like in his brief on the merits, Cook merely argues the ALJ's decision was not supported by substantial evidence. But Cook fails to meaningfully challenge Judge Baughman's recommendation.

Because Cook made no attempt to "specifically [ ] address the findings of the magistrate," his objections do not amount to a legitimate appeal of the R & R. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also, e.g., Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018) ("Because Andres failed to pinpoint the magistrate judge's alleged errors, he has forfeited his arguments on appeal."); *King v. Caruso*, 542 F. Supp. 2d 703, 706 (E.D. Mich. 2008) ("[I]f the 'objection' merely states a disagreement with the magistrate's suggested resolution or summarizes what was brought before the magistrate, it is not an objection for the purposes of this review.").

After reviewing the R & R, I agree with Judge Baughman – the ALJ's decision and credibility determinations are supported by substantial evidence. Therefore, Cook's objections are overruled, and Judge Baughman's R & R is adopted, in full.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] Cook cites one out-of-circuit district court opinion for his argument that "an inference from an incorrect statement or false evidence cannot be legitimate." (Doc. No. 18 at 4-5). In that case, the ALJ's decision was contrary to the claimant's direct statements but was consist with the ALJ's improper disregard of the treating physician's opinion. *See Ohms v. Barnhart*, No. 04 C 5365, 2005 WL 5178687 (N.D. Ill. Oct 26, 2005). The same facts are not present here. Therefore, the opinion has no bearing on this case.